# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CONDADO 3 CFL, LLC,**

Plaintiff,

v.

**ESTEBAN DIAZ-VEGA, ET AL.,**

Defendants.

CIV. NO. 18-1928 (PG)

## ORDER

On December 5, 2018, plaintiff Condado 3 CFL, LLC filed the above-captioned foreclosure case against defendants. See Docket No. 1. Defendants answered the complaint and pleaded, among other things, that pursuant to the applicable law, defendants had an absolute right to exhaust compulsory mediation proceedings before this execution action could proceed because the property in question was defendants' principal residence. See Docket No. 11. On April 2, 2019, the court ordered plaintiff to show cause as to why the case shall not be stayed and referred to mediation, per defendants' request in their answer. See Docket No. 12. The plaintiff neglected this deadline. On April 8, 2019, the court entered a scheduling/management order pursuant to which the parties had to file a joint ISC memorandum by May 3, 2019. See Docket No. 13. This deadline also elapsed without compliance. As a result, this case's initial scheduling conference is a weekday away and the plaintiff has failed to apprise the court of any developments in this case.

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action … because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin … is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he

district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Fraires Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002)).

Plaintiff here has disregarded two ordered deadlines. "[I]t is Plaintiff who has the duty to prosecute [its] case ... ." Rijos v. Anhang, No. CIV. 06-1833 DRD, 2009 WL 8724866, at *1 (D.P.R. May 9, 2009), *aff'd sub nom.* Vazquez-Rijos v. Anhang, 654 F.3d 122 (1st Cir. 2011). See also Gomez Vazquez v. Litton Indus. Leasing Corp., 67 F.R.D. 117, 121 (D.P.R. 1975) ("[T]he duty to prosecute an action lies with plaintiff, not defendant."). "Plaintiff has woefully failed in its duty to diligently prosecute this foreclosure case ... ." Urban Fin. of Am. LLC v. De Jesus Rosario, 365 F. Supp. 3d 237, 238 (D.P.R. 2019).

The plaintiff's conduct is disrespectful and shall not be tolerated. "[C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "It is self-evident that courts cannot function if litigants may, with impunity, disobey lawful orders. ... For that reason, courts must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (internal citations and quotation marks omitted). As a result, the court hereby dismisses this case without prejudice.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, May 10, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**